**Lorrin WHISNANT, individually,
Plaintiff—Appellant,**

v.

**UNITED STATES of America,
Defendant—Appellee.**

No. 06–35927.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 9, 2008.

Filed April 18, 2008.

Darrell L. Cochran, Victor J. Torres, Gordon Thomas Honeywell Malanca Peterson & Daheim, PLLC, Tacoma, WA, for Plaintiff–Appellant.

Christina M. Falk, Gay Elizabeth Kang, DOJ—U.S. Department of Justice, Washington, DC, for Defendant–Appellee.

Before: THOMPSON, W. FLETCHER, and M. SMITH, Circuit Judges.

---

tion and is not precedent except as provided

MEMORANDUM *

We conclude that the district court's decision under Federal Rule of Evidence 702 to exclude the testimony of the plaintiff's causation expert was not an abuse of discretion. *See Stilwell v. Smith & Nephew, Inc.,* 482 F.3d 1187, 1191 (9th Cir.2007). First, the expert's methodology for the intracutaneous tests deviated from the practice parameters of the expert's own professional organization, and the plaintiff failed to provide objective evidence that the methodology was reliable. *See Daubert v. Merrell Dow Pharms., Inc.,* 43 F.3d 1311, 1316 (9th Cir.1995). Second, the expert relied on blood tests after learning from the U.S. Department of Health and Human Services that those results might not be accurate or reliable. The plaintiff failed to provide objective evidence that the blood test methodology was reliable. *See id.* Third, the expert's differential diagnosis failed to account for possible alternate causes of the plaintiff's symptoms. *See Clausen v. M/V New Carissa,* 339 F.3d 1049, 1058 (9th Cir.2003).

Because the district court did not abuse its discretion in excluding the causation expert's testimony, and because the plaintiff was required to present expert testimony on the causation element of his claim, *Bruns v. PACCAR, Inc.,* 77 Wash. App. 201, 890 P.2d 469, 477 (1995), there was no genuine issue of material fact as to the causation element. Therefore, the district court properly granted the defendant's motion for summary judgment. *See In re Syncor ERISA Litig.,* 516 F.3d 1095, 1100 (9th Cir.2008).

by 9th Cir. R. 36–3.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

For the foregoing reasons, we AFFIRM the judgment of the district court.